HEVEAFIL SDN. BHD., AND FILMAX SDN. BHD., PLAINTIFFS *v.*
UNITED STATES, DEFENDANT

Court No. 97–04–00659

(Dated August 11, 1998)

*White & Case (David E. Bond)* for Heveafil Sdn. Bhd. and Filmax Sdn. Bhd., plaintiffs.
*Frank W. Hunger*, Assistant Attorney General; *David M. Cohen*, Director, Commercial
Litigation Branch, Civil Division, United States Department of Justice *(Lucius B. Lau)*;
Office of Chief Counsel for Import Administration, United States Department of Commerce *(Myles S. Getlan)*, of counsel, for defendant.

### MEMORANDUM OPINION AND ORDER

GOLDBERG, *Judge:* This matter is before the Court on defendant's, the
United States Department of Commerce, International Trade Administration's ("Commerce"), motion to dismiss for lack of standing. A review
of the facts and the corporate organization of Heveafil and Filmax reveals that Commerce's assertion is only partially correct.

Plaintiffs contest liquidation instructions issued by Commerce when
it completed an administrative review of extruded rubber thread imported from Malaysia. *See Extruded Rubber Thread from Malaysia: Final Results of Antidumping Administrative Review*, 61 Fed. Reg. 54767
(Oct. 22, 1996) *("Final Results")*. The Complaint in this case reveals
that on April 4, 1997, Commerce instructed the United States Customs
Service ("Customs") to assess antidumping duties on plaintiffs' imports
of subject merchandise.[1] *See* Compl. at ¶ 3. The instructions cover subject merchandise produced and exported by Heveafil between April 2,
1992 and September 30, 1993. *See Final Results* at 54773. Because antidumping law requires the U.S. importer to pay antidumping duties,[2]
Commerce maintains that Heveafil and Filmax, as producers/exporters
of subject merchandise, lack standing to contest the liquidation instructions.

The doctrine of standing manifests itself in two forms: constitutional
standing and prudential standing. The constitutional standing requirement has its roots in the "case or controversy" requirement of Article III
of the Constitution. Importantly, to meet the constitutional standing requirement, a plaintiff must satisfy three elements articulated by the Supreme Court in *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).
First, a plaintiff must suffer "injury-in-fact." Second, there must be a
causal connection between the injury and the complained of conduct.
And finally, it must be likely that the injury will be redressed by a favorable decision. *Id.*; *see also Bennett v. Spear*, 117 S.Ct. 1154, 1161 (1997).

In addition, a plaintiff must satisfy prudential standing requirements. Under prudential standing principles, a court may refrain from

---

[1] Customs has been enjoined from implementing these instructions by this court's preliminary injunction order issued on May 9, 1997.

[2] *See* 19 U.S.C. § 1673g(a).

exercising subject matter jurisdiction if a plaintiff asserts only generalized grievances shared by all citizens or a class of citizens, or asserts the legal rights or interests of third parties. *See, e.g., Warth v. Seldin,* 422 U.S. 490, 499 (1975); *McKinney v. U.S. Dep't. of Treasury,* 799 F.2d 1544, 1550–51 (Fed. Cir. 1986).

The Court also notes that these principles are reflected in section 2631 of title 28, United States Code, which further delineates who has standing to contest an agency action. It provides in relevant part as follows: "[A]ny civil action of which the Court of International Trade has jurisdiction, other than an action specified in subsections (a)–(h) [], may be commenced in the court by any person adversely affected or aggrieved by agency action * * *." 28 U.S.C. § 2631(i). Here, the plaintiffs seek to invoke jurisdiction pursuant to 28 U.S.C. § 1581(i)(2) and (4). Hence, they must demonstrate that they have been adversely affected or aggrieved by Commerce's liquidation instructions to establish standing.

The Court finds that while Heveafil meets the above standing requirements, Filmax does not. Commerce maintains that "Heveafil will not suffer injury-in-fact from Commerce's liquidation instructions because (1) those instructions will only affect the amount of antidumping duties assessed, (2) the law requires importers to pay antidumping duties, and (3) Heveafil is not the importer of record." Def.'s Mot. to Dismiss, at 4–5. Commerce's assertion flies in the face of the record.

To begin, it is true that Heveafil is a Malaysian producer of rubber thread. Yet, it is also true that Heveafil was the importer of record for the majority of subject entries. The record plainly establishes this fact. Indeed, Commerce even verified it. Specifically, the relevant entry summaries offered as part of the verification exhibits show that the importer of record was "HEVEAFIL SDN BHD" or, alternatively, "HEVEAFIL SDN BHD USA BRANCH." *See* Pl.'s Opp. to Mot. to Dismiss, at Ex. 2. And, importantly, "Heveafil SDN BHD USA" is not a separate corporate entity; the U.S. branch office, located in Charlotte, North Carolina, is part of Heveafil. *See* Pl.'s Opp. to Mot. to Dismiss, at Ex. 4 (Certificate of Authority issued by State of North Carolina authorizing Heveafil Sdn. Bhd., a Malaysian corporation, to do business through its branch offices in the state). As a result, antidumping duties paid on the entries at issue will be paid by plaintiff Heveafil. Heveafil, thus, is an aggrieved party under 28 U.S.C. § 2631(i) who has suffered an injury-in-fact as demanded by the Constitution.

The facts of the case also demonstrate that Heveafil satisfies the remaining standing requirements created by Article III of the Constitution.[3] If the antidumping duties were improperly assessed as plaintiff claims, then a causal connection would exist between the implementation of liquidation instructions and Heveafil's injury. Moreover, if Heveafil succeeds in proving that the liquidation instructions are in error,

---

[3] Prudential standing requirements are not implicated with respect to Heveafil. Heveafil's grievance is not generalized and, as demonstrated above, Heveafil asserts its own legal rights, not those of a third party.

the Court will be able to grant Heveafil monetary relief. Clearly then, Heveafil has the requisite interest to obtain standing before the Court of International Trade. Therefore, the Court finds Commerce's motion to dismiss with respect to Heveafil is groundless and denies said motion.

With respect to Filmax, however, Commerce's motion to dismiss is appropriate. Like Heveafil, Filmax is a producer/exporter of subject merchandise. Unlike Heveafil, however, Filmax is not the importer of record for the subject entries. Filmax, though a wholly-owned subsidiary of Heveafil, see Pl.'s Opp. to Mot. to Dismiss, at Ex. 3, will not be assessed the antidumping duties on subject entries. Because Filmax is not the importer of record, it therefore will not suffer injury-in-fact.

Finally, the Court notes that while Heveafil has standing to litigate Commerce's liquidation instructions with regard to those subject entries for which it is the importer of record, it has no standing to litigate the instructions as they pertain to entries of subject merchandise made through importers other than Heveafil. Therefore, any relief ultimately granted by the Court will be limited to those entries for which Heveafil is the importer of record and for which Heveafil is liable to pay the assessed duty.

For the foregoing reasons, and upon consideration of Defendant's Motion to Dismiss, Plaintiff's Response in Opposition thereto, and all other pertinent papers, it is hereby

ORDERED that the motion is granted, in part, and that the action is dismissed with regard to plaintiff, Filmax Sdn. Bhd.; and it is further

ORDERED that the motion is denied in all other respects.